900 F.2d 251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Genie B. DEMERS; Jean A. Demers, Plaintiffs-Appellees,
v.
THE STUART-JAMES COMPANY, INCORPORATED, Defendant-Appellant.
 No. 89-1578.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 13, 1990.
Decided: March 29, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-89-236-5-D-CIV)
 Donald T. Trinen, Christa D. Taylor, Hart & Trinen, Denver, Colo., for appellant.
 Leslie Bruce McDaniel, DeBank, McDaniel, Holbrook & Anderson, Raleigh, N.C., for appellees.
 E.D.N.C.
 AFFIRMED IN PART AND REVERSED IN PART.
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 * Genie B. Demers and Jean A. Demers used the services of the Stuart-James Company for purposes of making investments. Until the accounts' closure in November 1988, the Demerses owned four accounts as joint tenants with right of survivorship. The four accounts were opened on March 31, 1987, December 1, 1987, July 21, 1988, and August 23, 1988.
 
 
 2
 On March 30, 1989, the Demerses filed an action in the United States District Court for the Eastern District of North Carolina charging Stuart-James Company with violations of (a) Sec. 10b of the Securities Exchange Act of 1934 (15 U.S.C. Sec. 78j(b)) and SEC Rule 10b-5, (b) Secs. 5 and 10 of the Securities Act of 1933 (15 U.S.C. Secs. 773 and 77j), (c) RICO (18 U.S.C. Secs. 1961 et seq.), and (d) North Carolina securities laws. In addition, the Demerses alleged that Stuart-James was guilty of state improprieties: common law fraud, breach of fiduciary duty, negligence, and unfair trade practices.
 
 
 3
 Stuart-James asked the district court to compel arbitration and to stay the proceedings pending the outcome of that arbitration before the National Association of Securities Dealers, Inc. (NASD). Stuart-James based its demand for arbitration on an arbitration provision in the agreement for the account opened March 31, 1987, and a provision dated September 13, 1988, and attached to the agreement for the account opened July 21, 1988.
 
 
 4
 On October 10, 1989, the district court ordered the Demerses to arbitrate all their claims before the NASD, except the two claims brought under the Securities Act of 1933. The district court deemed that those claims were not subject to arbitration in view of the Supreme Court's holding in Wilko v. Swan, 346 U.S. 427 (1953).
 
 
 5
 Stuart-James now appeals that last aspect of the district court's order, contending that the claims brought under the Securities Act of 1933 are also subject to arbitration based on the recent Supreme Court decision in Rodriguez de Quijas v. Shearson/American Express, 490 U.S. ----, 109 S.Ct. 1917 (1989). Though the Demerses responded to Stuart-James' appeal by alleging that the entire district court order is in error, we note that they have not cross-appealed. Therefore, the only issue before us is whether the district court erred in exempting the Demerses' Securities Act claims from arbitration.
 
 II
 
 6
 The district judge based his decision on the September 13, 1988, attached arbitration provision which read:
 
 
 7
 At the sole option of Broker, any and all disputes arising between Broker and Customer, of any nature whatsoever, shall be arbitrated utilizing the facilities of the National Association of Securities Dealers, Inc.
 
 
 8
 (Emphasis added.)
 
 
 9
 The district judge determined that the highlighted language required arbitration of all disputes between the parties. With one exception, discussed below, we affirm on the reasoning of the opinion in the district court. Demers v. Stuart-James Co., C/A No. 89-236-5-D-CIV (E.D.N.C. Oct. 10, 1989).
 
 
 10
 The district court, relying on Wilko v. Swan, 346 U.S. 427 (1953), ruled that the agreement to arbitrate the issues involving the Securities Act of 1933 was unenforceable. Stuart-James advances the argument that, with the Supreme Court's overruling of Wilko v. Swan in the Rodriguez de Quijas case, the generality of the September 13, 1988, agreement was enough to cause it to be applied to any and all disputes and, therefore, called for arbitration if Stuart-James as broker insisted on it. We agree.
 
 
 11
 As the district judge issued his opinion on October 10, 1989, only five months after the Supreme Court decided the Rodriguez de Quijas case, it is understandable that the district judge was not aware of the recent decision. His opinion is silent as to Rodriguez de Quijas. The argument of Stuart-James that, in light of Rodriguez de Quijas, arbitration is required is well-founded, and the case accordingly is reversed to the extent that arbitration was not ordered as to the claims of the Securities Act of 1933.
 
 
 12
 We have determined that the briefs and record were sufficient so that we could decide the case with the assistance of oral argument unnecessary.
 
 The judgment is
 
 13
 AFFIRMED IN PART AND REVERSED IN PART.